**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE; and BILL NELSON FOR U.S. SENATE,

Plaintiff,

v.

KENNETH W. DETZNER, in his official capacity as the Florida Secretary of State,

Defendant.

Case No. 4:18-cv-526

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

NOW COMES Plaintiffs BILL NELSON FOR U.S. SENATE and DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, by and through undersigned counsel, and moves the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and order to show cause as to why a temporary restraining order should not issue against Defendant, KENNETH DETZNER, in his official capacity as Secretary of State of Florida. In support thereof, Plaintiff states as follows:

1. On November 13, 2018, Plaintiffs filed their Emergency Complaint for Declaratory and Injunctive Relief, alleging that Plaintiffs are entitled to relief from this Court for violations of their rights, as well as the rights of their members

and constituents— which include thousands of eligible Florida voters—under the First and Fourteenth Amendments to the U.S. Constitution, and pursuant to 42 U.S.C. §§ 1983 and 1988.

2. Plaintiffs seek a temporary restraining order enjoining Defendant, his officers, employees, and agents, all persons acting in active concert or participation with Defendant, or under Defendant's supervision, direction, or control, and all other persons within the scope of Federal Rule of Civil Procedure 65, including all supervisors of elections and canvassing boards, from refusing to count eligible voters' votes based on unconstitutional standards set forth in Florida Administrative Code Rules 1S-2.027(4)(b) and 1S-2.027(4)(c)(15), and requiring Defendant to count the votes of voters who clearly indicated their definite choice for Florida's U.S. Senate race, but may not have done so in the same manner for every race on the ballot or may not have cancelled-out erroneous overvotes using written words, as the State has already confirmed they are eligible and registered to vote and the voter has provided "a clear indication on the ballot that the voter has made a definite choice" as required by Fla. Stat. Ann. § 102.166(4)(a).

3. Absent relief, scores of eligible Florida voters stand to be disenfranchised, not on the basis of her eligibility to vote or whether she has clearly indicated her choice of candidate, but rather on the basis of arbitrary and unconstitutional standards, in violation of the Fourteenth Amendment to the U.S.

Constitution.

4. Federal Rule of Civil Procedure 65 provides for the issuance of a temporary restraining order under circumstances such as those that exist in the present case.

5. In support of this motion, Plaintiffs submit a Memorandum of Law, addressing all necessary elements for the entry of a temporary restraining order and preliminary injunction and an order to show cause.

6. Plaintiff seeks leave to present 30 minutes of oral argument in support of this motion pursuant to Local Rule 7.1(K).

7. Plaintiff files this motion as an emergency motion pursuant to Local Rule 7.1(L) because the manual recount of all overvotes and undervotes may begin as early as 3:00 p.m. on November 15, 2018, and the canvassing deadline by which all ballots must be counted is less than two days away, on Sunday, November 18 at noon. It is essential that this Court resolve the motion before the deadline for the relief Plaintiff requests to be effective.

WHEREFORE, for the foregoing reasons, and for those set forth in Plaintiff's supporting Memorandum of Law and Emergency Complaint for Declaratory and Injunctive Relief, Plaintiff respectfully moves that the Court enter a temporary restraining order enjoining Defendant, his officers, employees, and agents, all persons acting in active concert or participation with Defendant, or under

Defendant's supervision, direction, or control, and all other persons within the scope of Federal Rule of Civil Procedure 65, including all supervisors of elections and canvassing boards, from enforcing Florida Administrative Code Rules 1S-2.027(4)(b) and 1S-2.027(4)(c)(15) in order to reject votes where the voter has provided "a clear indication on the ballot that the voter has made a definite choice" as required by Fla. Stat. Ann. § 102.166(4)(a).

Dated: November 13, 2018

Respectfully submitted,

/s/ Marc Elias
Marc E. Elias
Email: MElias@perkinscoie.com
Uzoma N. Nkwonta*
Email: UNkwonta@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

RONALD G. MEYER
Florida Bar No. 0148248
Email: rmeyer@meyerbrookslaw.com
JENNIFER S. BLOHM
Florida Bar No. 0106290
Email: jblohm@meyerbrookslaw.com
Meyer, Brooks, Demma and Blohm, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
(850) 878-5212

Counsel for Plaintiffs

**Pro Hac Vice* Motion forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I caused to be electronically filed the foregoing Motion on behalf of the Plaintiffs with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

/s/ Marc E. Elias

Marc E. Elias