**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | | |
|---|---|---|
| DSSC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE; and BILL NELSON FOR U.S. SENATE, | ) | |
| *Plaintiffs*, | ) | Civil Action No. 4:18-cv-00526 |
| v. | ) | |
| KENNETH W. DETZNER, in his official capacity as the Florida Secretary of State, | ) | |
| *Defendant*. | ) | |

**THE NATIONAL REPUBLICAN SENATORIAL**
**COMMITTEE'S EMERGENCY MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 7.1(L), the National Republican Senatorial Committee ("NRSC") respectfully moves to intervene in this case to oppose Plaintiffs' Emergency Motion for Temporary Restraining Order and Order to Show Cause (ECF No. 3) and other relief requested by Plaintiffs.

## BACKGROUND

This case concerns the recent election contest for the United States Senate between incumbent Senator Bill Nelson, a Democrat, and Florida Governor Rick

Scott, a Republican. Returns indicate that Governor Scott received a majority of the votes. Plaintiffs ask this Court to discard longstanding, neutral, nondiscriminatory rules that ensure ballots are counted only if the voter has provided a clear indication that the voter has made a definite choice among candidates. Plaintiffs ask the Court to strike from Florida law clear rules designed to assure the integrity of the process, in the hopes that it will help one candidate overcome an electoral deficit. This Court should reject the invitation to rewrite long-standing Florida rules to advance this purpose.

The NRSC is the national organization that supports and assists Republican candidates for the U.S. Senate. It has provided and continues to provide support and assistance to Governor Scott in his campaign for the U.S. Senate. It seeks to intervene here to oppose Plaintiffs' efforts to rewrite the rules after the fact. Elections should be decided according to established rules—not by post-hoc manipulations of the rules in the interest of one candidate.

Finally, similar motions to intervene by the NRSC have been granted in other pending lawsuits filed by Democrat-affiliated entities concerning the 2018 Election, and the NRSC respectfully submits that intervention should similarly be granted here. *See* Order Granting the National Republican Senatorial Committee's Emergency Motion to Intervene, *Jim Bonfiglio Campaign v. Detzner*, No. 18-cv-527 (N.D. Fla. Nov. 13, 2018), ECF No. 5; Order Granting

Emergency Motion to Intervene, *VoteVets Action Fund v. Detzner*, No. 18-cv-524 (N.D. Fla. Sept. 12, 2018), ECF No. 16; *Democratic Executive Committee of Florida v. Detzner*, No. 18-cv-520 (N.D. Fla. Nov. 9, 2018), Minute Entry, ECF NO. 19 (Nov. 9, 2018).

**GROUNDS FOR INTERVENTION**

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right and permissive intervention. *See, e.g.*, *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999). The NRSC is entitled to intervention as a matter of right. Alternatively, this Court should allow permissive intervention.

To intervene as a matter of right, the moving party must demonstrate that: (1) its motion to intervene is timely; (2) it has an interest relating to the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Id.* at 1339–40 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). If a moving party satisfies these four requirements, the district court must allow intervention. *Chiles*, 865 F.2d at 1213. The NRSC satisfies each requirement.

*First*, this motion is timely. Plaintiffs filed this litigation today, and intervention will not delay or prejudice the adjudication of the original parties'

rights in any way.

*Second*, the NRSC has an interest relating to the relief Plaintiffs seek in their motion. As the national organization that assists and supports Governor Scott's campaign for the U.S. Senate, the NRSC has a direct interest in the outcome of litigation initiated on behalf of the opposing candidate in a campaign for the U.S. Senate.

*Third*, the relief Plaintiffs seek would impair and impede the NRSC's ability to protect these interests. Through its motion, plaintiff seeks to suspend Florida Administrative Code Rules 1S-2.027(4)(b) and 1S-2.027(4)(c)(15), as well as Section 102.141(7)(c), Florida Statutes. These rules safeguard the integrity of the manual recount process. The NRSC's interest is to assure that Florida's election rules are followed and not rewritten to the prejudice of Governor Scott's candidacy. The relief that Plaintiffs seek would deny Governor Scott the right to an election decided according to the laws of Florida.

For these reasons, the NRSC satisfies the criteria for intervention as a matter of right. Alternatively, if this Court denies intervention as a matter of right, it should grant permissive intervention under Rule 24(b)(2). *See Chiles*, 865 F.2d at 1213. This timely motion demonstrates that the NRSC's defenses share common factual and legal questions with the main action and do not interject unrelated questions.

**WHEREFORE**, the NRSC respectfully requests entry of an order granting it leave to intervene, and permitting it to participate, through counsel and by telephone, in any hearing on Plaintiffs' motion.

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with counsel for Plaintiffs regarding the relief sought in this motion. Plaintiffs take no position.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this motion contains 786 words.

Date: November 13, 2018

Respectfully submitted,

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
George T. Levesque (FBN 555541)
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
george.levesque@gray-robinson.com

Charles J. Cooper*
Michael W. Kirk*
William C. Marra*
Davis Cooper*
Joseph O. Masterman*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
wmarra@cooperkirk.com
pdcooper@cooperkirk.com
jmasterman@cooperkirk.com

* *pro hac vice applications forthcoming*

*Attorneys for the National Republican Senatorial Committee*