**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, and BILL NELSON for U.S. SENATE,

Plaintiffs,

v.

CASE NO.: 4:18-cv-00526

KEN DETZNER, in his official capacity as Secretary of State of the State of Florida,

Defendants.

**THE RON DESANTIS FOR GOVERNOR CAMPAIGN'S EMERGENCY MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 7.1(L), the Ron DeSantis for Governor Campaign ("DeSantis Campaign") respectfully moves to intervene in support of the Defendants for the limited purpose of ensuring the machine recount of the election for Florida Governor is not delayed.

Background

On November 6, 2018, voters all across the state of Florida cast ballots to elect (amongst other positions) their next governor. Although the race between Ron DeSantis and Andrew Gillum was hard fought and close, the returns from election night indicate that Mr. DeSantis received a plurality of the votes. The margin between the candidates was less than one half of a percent, though, meaning that a machine recount is required pursuant to Florida law. *See* §102.141(7), Florida Statutes. That recount is underway as of the filing of this motion. The DeSantis Campaign

has made clear that it wishes to see every legally-cast vote counted, so as to ensure that the true will of the people is effectuated.

The Plaintiff in this case seeks, among other things, to extend the deadline for recounts in Palm Beach County. The DeSantis Campaign seeks to ensure that the machine recount in its race proceeds uninterrupted so that the results can be certified before the statutory deadline. If the Court concludes that further action is necessary in relation to any required manual recounts in other races, then the DeSantis Campaign will not need to be involved in such determinations.

The DeSantis Campaign's understanding of the case at bar is that it involves issues specific to a manual recount and the application of statutory deadlines to those candidates subject to same. That type of action, which clearly involves a physical inspection of ballots and potential subjective determinations of intent, is a much different animal than the procedural aspects of a machine recount. The latter is intended simply to confirm the original vote tallies were correct and to determine if a manual recount is necessary. The DeSantis Campaign seeks the timely certification of its race and to ensure the November 20, 2018 deadline is maintained for the race for governor.

This matter presents an emergency as discussed in Local Rule 7.1(L) because the statutory deadlines for certification of the election for governor are rapidly approaching. It is essential that this matter be resolved as soon as possible in order to ensure that all votes for governor are counted and the new administration may properly transition into office.

Grounds for Intervention

The DeSantis Campaign moves to intervene as a matter of right. *See* Fed.R.Civ.P. 24(a)(2). In order to so intervene, a party must show that (1) its motion to intervene is timely, (2) it has an interest relating to the "property or transaction which is the subject of the action," (3) the resolution of the case may "impede or impair [the intervenor's] ability to protect that interest"; and (4) that its

interest is "represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). Essentially, if a "would-be intervenor" is "practically disadvantaged by its exclusion from the proceedings," then intervention by right should be granted. Salvors, Inc. v. Unidentified Wrecked and Abandoned Vessel, 861 F.3d 1278, 1295 (11th Cir. 2017).

The DeSantis Campaign meets these requirements. This emergency motion is timely and there would be no delay or prejudice to any existing party if this emergency motion is granted. The DeSantis Campaign also has a clear interest in this case, as it could prevent the machine recount in the campaign for governor from proceeding in Palm Beach County. This could delay the certification of this race for an unknown period of time and prevent the recount from being completed within the statutory timeframe. Although the DeSantis Campaign's interest in this case is not identical to that of the Plaintiff or Defendant's, it does not have to be in order to meet this element. *See Chiles,* 865 F.2d. at 1214. For this same reason, the Plaintiff's requested relief would impede the interests of the DeSantis Campaign.

Further, no party has the same interest in the outcome of the campaign for governor that the DeSantis Campaign does. In fact, there is currently no party to this case with any interest specific to the governor's race. The DeSantis campaign, as the party receiving the most votes in that election, is in a unique position that it cannot expect the current parties to advocate for. The showing required to meet this requirement is "minimal" and is met if a party merely shows that the existing parties "may be inadequate" to protect its interest. *Id.* The DeSantis Campaign should be found to have made this showing.

WHEREFORE, the DeSantis Campaign respectfully requests entry of an order granting its leave to intervene, and permitting it to participate in this proceeding.

Certification of Conferral

Our interest in this case did not arise until this morning, based on that, we have not had time to confer with counsel.

Local Rule 7.1(f) Certification

The undersigned certifies that this motion contains 851 words.

Respectfully submitted,

/s/William Dean Hall, III__________________
DANIEL R. RUSSELL
Florida Bar No. 63445
WILLIAM DEAN HALL, III
Florida Bar No. 67936
MARC W. DUNBAR
Florida Bar No. 8397
JONES WALKER LLP
215 South Monroe Street, Suite 130
Tallahassee, Florida 32301
Telephone: 850.425.7800
E-Mail: drussell@joneswalker.com
whall@joneswalker.com
mdunbar@joneswalker.com
Secondary E-Mail: mharrell@joneswalker.com
*Attorneys for Ron DeSantis for Governor Campaign*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 15th day of November, 2018, by the Court's CM/ECF noticing system to:

Jennifer Suzanne Blohm
Ronald G. Meyer
Meyer Brooks Demma Etc PA
131 N Gadsden St
Tallahassee, FL 32301
jblohm@meyerbrookslaw.com
rmeyer@meyerbrookslaw.com
*Attorneys for DSCC & Bill Nelson for US Senate*

Uzoma Nkem Nkwonta
Marc E. Elias
Perkins Coie LLP
700 13th Street NW
Suite 700
Washington, DC 20005
unkwonta@perkinscoie.com
melias@perkinscoie.com
*Attorneys for DSCC & Bill Nelson for US Senate*

Andy V Bardos
George Ty Levesque
Grayrobinson PA
301 S Bronough St Ste 600
Tallahassee, FL 32301
andy.bardos@gray-robinson.com
george.levesque@gray-robinson.com
*Attorneys for NRSC*

Charles Justin Cooper
Davis Cooper
Cooper & Kirk PLLC
1523 New Hampshire Ave Nw
Washington, DC 20036
ccooper@cooperkirk.com
pdcooper@cooperkirk.com
*Attorneys for NRSC*

Jason Brett Torchinsky
Holtzman Vogel Josefiak Pllc - Warrenton Va
45 N Hill Dr., Ste 100
Warrenton, VA 20186
jtorchinsky@hvjlaw.com
*Attorneys for NRSC*

Ashley E Davis
Florida Department Of State
RA Gray Building
500 South Bronough Street, Suite 100
Tallahassee, FL 32399
ashley.davis@dos.myflorida.com
*Attorneys for Kenneth W. Detzner*

Mohammad Omar Jazil
Hopping Green & Sams PA
119 S Monroe St Ste 300
Tallahassee, FL 32301
MJazil@HGSLaw.com
*Attorneys for Kenneth W. Detzner*

/s/William Dean Hall, III____________