**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, and BILL NELSON for U.S. SENATE,

Plaintiffs,

v.

CASE NO.: 4:18-cv-00526

KEN DETZNER, in his official capacity as Secretary of State of the State of Florida,

Defendants.

---

**THE RON DESANTIS FOR GOVERNOR CAMPAIGN'S MEMORANDUM OF LAW**

COMES NOW, the Ron DeSantis for Governor Campaign ("DeSantis Campaign"), which offers the following in opposition to any argument or suggestion that the statutory deadlines should be extended in the race for Governor. In support thereof, would offer the following:

The DeSantis Campaign is leading by just less than one-half of a percent of votes cast, but well above one-quarter of a percent of votes cast in the election for Florida governor. Its total vote lead is over 33,000 votes. This means that a machine recount is required by state law, but that a manual recount is not. The latter will only be required if the machine recount causes the margin in that race to drop below one quarter of a percent. That would require the machine recount to result in a loss of over 13,000 votes to the DeSantis Campaign. There is no evidence in any case currently before the court suggesting that will occur or that it is even mathematically possible. To the contrary, the DeSantis Campaign is of the understanding that the machine recounts have thus far been completed in more than 50 Florida counties have led to a total vote variance of around 200,

with an insignificant net change differential. At this point, it is inconceivable that the race for governor will require a manual recount.

The United States Senate race in question, however, does require a manual recount. This process is very different in purpose and practice from a machine recount. The former involves the physical inspection of certain ballots and subjective determinations of voter intent. Essentially, officials must review these ballots to ensure they are correctly following the wishes of the voter.

If a machine recount cannot be completed by the statutory deadline and the initial results must be certified, then any potential harm is significantly less severe than for the failure to complete a hand recount. The potential to swing the outcome of the election is far less, and affirmatively determining voter intent is not required. Thus, even if a machine recount cannot be completed in the governor's race by the statutory deadline, that race could be certified without harming the citizens of the state or their trust in the election process. There is no party to this case advocating otherwise relating to this specific race.

Further, the race for governor is central to the operation of government in a way that the other recount races are not. A legislative recount does not preclude legislative action. Further, the state or federal legislative body itself would be the one to make any ultimate determination in an election contest. If there is not a governor in place at the mandated time, however, then it will cause significant, ongoing harm to Florida government. Further, it would prejudice the other candidate for governor, who would have a shorter window in which to determine if his own election contest was necessary. The Court should allow the governor's race to proceed to certification so that state government can continue to function and election officials can focus on the manual recounts.

WHEREFORE, the DeSantis Campaign requests that the statutory deadlines not be extended in the governor's race, that the machine recount in the governor's race be allowed to proceed ahead and that the results of that race (if not then falling within one quarter of a percent) be certified without delay.

Local Rule 7.1(f) Certification

The undersigned certifies that this memorandum contains 894 words.

Respectfully submitted,

/s/William Dean Hall, III
DANIEL R. RUSSELL
Florida Bar No. 63445
WILLIAM DEAN HALL, III
Florida Bar No. 67936
MARC W. DUNBAR
Florida Bar No. 8397
JONES WALKER LLP
215 South Monroe Street, Suite 130
Tallahassee, Florida 32301
Telephone: 850.425.7800
E-Mail: drussell@joneswalker.com
whall@joneswalker.com
mdunbar@joneswalker.com
Secondary E-Mail: mharrell@joneswalker.com
*Attorneys for Ron DeSantis for Governor Campaign*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 15th day of November, 2018, by the Court's CM/ECF noticing system to:

Jennifer Suzanne Blohm
Ronald G. Meyer
Meyer Brooks Demma Etc PA
131 N Gadsden St
Tallahassee, FL 32301
jblohm@meyerbrookslaw.com
rmeyer@meyerbrookslaw.com
*Attorneys for DSCC & Bill Nelson for US Senate*

Uzoma Nkem Nkwonta
Marc E. Elias
Perkins Coie LLP
700 13th Street NW
Suite 700
Washington, DC 20005
unkwonta@perkinscoie.com
melias@perkinscoie.com
*Attorneys for DSCC & Bill Nelson for US Senate*

Andy V Bardos
George Ty Levesque
Grayrobinson PA
301 S Bronough St Ste 600
Tallahassee, FL 32301
andy.bardos@gray-robinson.com
george.levesque@gray-robinson.com
*Attorneys for NRSC*

Charles Justin Cooper
Davis Cooper
Cooper & Kirk PLLC
1523 New Hampshire Ave Nw
Washington, DC 20036
ccooper@cooperkirk.com
pdcooper@cooperkirk.com
*Attorneys for NRSC*

Jason Brett Torchinsky
Holtzman Vogel Josefiak Pllc - Warrenton Va
45 N Hill Dr., Ste 100
Warrenton, VA 20186
jtorchinsky@hvjlaw.com
*Attorneys for NRSC*

Ashley E Davis
Florida Department Of State
RA Gray Building
500 South Bronough Street, Suite 100
Tallahassee, FL 32399
ashley.davis@dos.myflorida.com
*Attorneys for Kenneth W. Detzner*

Mohammad Omar Jazil
Hopping Green & Sams PA
119 S Monroe St Ste 300
Tallahassee, FL 32301
MJazil@HGSLaw.com
*Attorneys for Kenneth W. Detzner*

/s/William Dean Hall, III